### COLUMBIA WEIGHING SCALE CO v PETRAKOS

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 14, 1933

David Steiner, Youngstown, for plaintiff in error.

J. M. Modarelli, Youngstown, for defendant in error.

ROBERTS, J.

Numerous authorities have been cited by the plaintiff tending to support the legality of this contract; that plaintiff had a right to be represented by an agent and that the terms of the written contract should be observed, and that the contract was not subject to change, modification or rescission unless such be done by the consent and acquiescence of the plaintiff.

It is conceded by counsel for the defendant, as is understood, that this is the fact, the proper construction of law as applied to this case, but it is said that the return of the agent and the entering into of these negotiations for the continued retention of the machine was not a modification in effect of the original contract but was a new contract, and that the parties had a right to enter into a new and different contract from that in which they originally respectively obligated themselves, and the correctness of this proposition is not disputed. The real issues in this case is simply this, it is conceded the contract was entered into, there is no question about the authority of the agent to make the contract as agreed upon in this written instrument. It is expressly stated in the contract that no verbal agreement would be recognized. Just how a new contract could be entered into between these parties, the agent and the defendant, without in effect rescinding the original contract is somewhat difficult to understand. This is the proposition concretely which is in dispute in this case. The defendant claimed that this contract was properly rescinded or legally set aside, or perhaps more properly stated, that a new contract took its place. As was stated before, the defendant and the plaintiff had a right to make a new contract. It does not necessarily follow, however, that the man who happened to be the agent of the plaintiff in the making of the first contract was the agent of the plaintiff or authorized by the plaintiff to make another contract, and there is no evidence to that effect in this case. No effort seems to have been made by the defendant to prove the authority of the agent, and it is attempted to be contended by the plaintiff that this agent did not have authority either to change the terms of this contract or to further represent the plaintiff, that the terms of his employment terminated with the making of a contract, and that he had nothing further to do with the carrying out of its terms.

Counsel for the plaintiff undertook, however, to prove that the plaintiff had not authorized or empowered the agent to do more than to make sales and he had no authority to change the terms of the contract. This question was asked on page 43 of the record:

"Q. State the authority of the salesman in selling weighing machines manufactured by the Columbia Weighing Machine Co., Inc?"

An objection was made to the question and the objection sustained and exception noted. Possibly this question might have been a little better framed as to language. However, it is not understood why the witness who was then testifying, who was the general manager of the plaintiff, might not speak as to the authority or extent of authority of the agent of the company he represented.

This case was evidently tried upon the theory, and this seems to have been the attitude of the trial judge, that if the man who appeared to the defendant and subsequently suggested the continued retention of the machine was the man who was the agent of the plaintiff when the original contract was entered into, then he was authorized to rescind or change that which he had done for the plaintiff in the first instance. The court permitted the introduction of evidence along those lines and in the instructions to the jury said, on page 47 of the record:

"Now, your determination of the case hinges upon whether or not a subsequent agreement was entered into by the agent or man who represented the company in the making of this contract. There can be no dispute as to the meaning of this contract."

We think the case hinged upon the proposition as to whether or not the plaintiff personally or by a representative entered into a new contract, not whether a man who was agent of the company at the time the contract was entered into was authority. The court proceeded:

"The claim of the defendant is this, that the agent who made this contract within a period of two weeks, within the thirty days from the delivery of the machine came to his place of business, and when he was informed that the machine was going to be returned he requested the machine be kept there for the company, the scale company, and not returned, and they kept the machine—the defendant did—by virtue of this subsequent agreement and did not return it until March 16, 1926. If this contract was entered into as claimed by the defendant within the period of thirty days from the receipt of this machine, then the court says to you that the plaintiff can not recover in this action, and the only question you have to determine when you retire to your jury room is whether or not the representative of the company who made this contract with the defendant on the 21st of January, 1926, at a subsequent period and within the thirty day period for the return of the machine requested the defendant to hold this machine as the agent of the company with the view of having it delivered somewhere else in the city."

Elsewhere and on several occasions the court again reiterated this construction of the contract. Numerous authorities have been cited by counsel upon either side and all of which we apprehend state correct rules of law, on one side as to the authority of an agent and on the other as to the right of the parties to make a new contract. It is said in 31 CYC, 1329, as an indication of the general trend of authority:

"Limitations which are known to a person dealing with an agent are as binding upon such person as they are upon the agent, and he can acquire no rights against the principal by dealing with the agent contrary thereto. The principal may make the authority of his agent as broad or as narrow as he will, and any lawful limitation which he chooses to impose upon his agent's powers and which are not in the nature of secret instructions will be as binding upon third persons legally charged with notice of them as upon the agent himself; and if the original authority is a restricted and limited one, then such limitations form part of the power itself, and third persons must know them at their peril. If specific instructions are brought home to the knowledge of a third person dealing with the agent, it cannot matter whether he is a general or a special agent; in either case his power to bind his principal will be limited by these known instructions or limitations."

And on page 1356 it is said:
"When the principal has bestowed a restricted authority, or has openly fixed the limits of the authority, the agent's sales on terms not warranted by the authority of course cannot bind the principal, unless with notice of the agent's acts he approves and accepts them."

Time will not be taken to read further, but in brief of counsel for the plaintiff numerous authorities, both decisions and general text books, have been cited, but it is not necessary to quote further or read them. As has been suggested, there is no dispute about the rule. In this case the contract expressly provided against any verbal agreement being recognized. There is no evidence in this case, as we understand, that this man who was the agent who made the sale had any authority to make a new contract. Therefore, there is nothing in this case to show that the plaintiff was bound by what this man said who appeared at that time as testified to by the defendant and his employe concerning the retention of this machine. True, the plaintiff had

a right to so make a new contract, but there is no evidence in this case that the plaintiff did make a new contract, and such being the case it follows that there was error in the rejection of evidence which would have been pertinent upon this proposition. Also the verdict is against the manifest weight of the evidence and the court was in error in its instructions to the jury upon this proposition.

Judgment reversed and final judgment for plaintiff in error.

FARR and POLLOCK, JJ, concur in the judgment.